1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES  DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS ZAMORA-BOLANOS

               Petitioner,

     v.

ALBERTO GONZALES,
Attorney General of the United States, et al.,

               Respondents.

_____/

No. C 07-0598 MHP

**MEMORANDUM AND ORDER**
**Re: Motion to Dismiss**

INTRODUCTION

     Petitioner, a Mexican citizen, is currently detained in Sonoma County Jail pending his deportation from the United States pursuant to the reinstatement of a March 16, 2006 order for removal.  He premises this petition on 28 U.S.C. section 2241(c)(1) and Art. 1 section 9, clause 2 of the United States Constitution.[1]  For the foregoing reasons, this court dismisses his petition for lack of jurisdiction.

BACKGROUND[2]

     Petitioner initially entered the United States on November 3, 1989.  On March 16, 2006 an Immigration Judge ("IJ") ordered his removal following petitioner's conviction for controlled substance possession and a finding that he was in the United States illegally.  At the hearing prior to that order, the IJ proceeded in spite of petitioner's objection to the absence of his attorney.  That same day, petitioner obeyed the IJ's order and returned to Mexico by foot.

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1    After subsequently re-entering the United States, petitioner was again detained by

2    Immigration and Customs Enforcement ("ICE") agents, leading to his current detention.  On January

3    31, 2007 ICE reinstated petitioner's March 16, 2006 removal order.  Respt's Mot. to Dismiss at 2.

4    Petitioner claims he is due habeas relief, arguing this is his only avenue for review of the

5    violation of his right to due process, which occurred in the March 16, 2006 proceeding before the IJ.

6    Respondent does not dispute that petitioner's due process rights were violated.  Rather, respondent

7    contends that this court lacks jurisdiction to review such a proceeding.

8

9    DISCUSSION

10    In 2005, Congress enacted the REAL ID Act, amending 8 U.S.C. section 1225 to deprive

11    district courts of jurisdiction to review immigrants' removal orders.  See Alvarez-Barajas v.

12    Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) ("[The REAL ID] Act eliminated habeas jurisdiction,

13    including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or

14    removal.").  This habeas petition is premised solely on the alleged due process violations that

15    occurred in the proceedings culminating in petitioner's removal order.  Thus, this court lacks

16    jurisdiction to review those allegations.

17    Even were the court to review this petition, the Ninth Circuit unfavorably adjudicated a

18    similar issue earlier this year in Morales-Izquierdo v. Gonzales, No. 03-70674, 2007 WL 329132

19    (9th Cir. Feb. 6, 2007) (en banc).  There, the petitioner challenged the reinstatement of a previous

20    removal order, arguing that execution of the reinstatement by an immigration officer, rather than an

21    IJ, violated his right to due process.  Id. at *1.  The Ninth Circuit held that the petitioner had no right

22    to challenge reinstatement of a removal order, as "[r]einstatement of a prior removal

23    order—regardless of the process afforded in the underlying order—does not offend due process

24    because reinstatement of a prior order does not change the alien's rights or remedies."  Id. at *8.

25    Supporting this holding, the Ninth Circuit reasoned:

26    [A]n alien who respects our laws and remains abroad after he has been removed
      should have no fewer opportunities to challenge his removal order than one who
27    unlawfully reenters the country despite our government's concerted efforts to keep
      him out . . . .  The contrary conclusion would create a new and wholly unwarranted

28

2

incentive for aliens who have previously been removed to reenter the country illegally in order to take advantage of this self-help remedy.  It would also make a mockery of aliens who do respect our laws and wait patiently outside our borders seeking lawful admission.  Nothing in the Constitution requires such a perverse result.

Id. at *9.  Though Morales-Izquierdo teaches against providing the kinds of rights petitioner seeks

with respect to reinstatement, a removal order may be challenged by petitioning the Ninth Circuit.

However, it may not be challenged here by way of review or habeas corpus.


CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED.


IT IS SO ORDERED.



Date:   March 29, 2007

_____

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

3

1

2

<u>ENDNOTES</u>

3

4

1.  Whether petitioner is challenging the constitutionality of the REAL ID Act by referring to Art. 1 section 9, clause 2 of the Constitution is unclear.  In any case, Congress has revoked this court's jurisdiction to review such a claim where they are within a petition appealing an immigrant's removal order.  As noted by respondent, such a challenge may be heard by the Ninth Circuit.

5

6

2.  All factual information is taken from petitioner's petition, memorandum or the exhibits attached thereto, unless otherwise noted.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California